Civil Action No. 1:26-cv- -mjj

**Richard R. Stagnone v Board of Governors of the Federal Reserve System**

FILED
IN CLERKS OFFICE
2026 OCT 27 P 3:03
U.S. DISTRICT COURT
DISTRICT OF MASS.

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

**Civil Action No. 1:26-cv- -mjj**

Richard R. Stagnone,
*Plaintiff*

v.

The Board of Governors of the Federal Reserve System and General Counsel Mark Van Der Weide,
*Defendants*

**VERIFIED COMPLAINT**

## INTRODUCTION

1. By this action, Plaintiff Richard R. Stagnone ("Mr. Stagnone") seeks immediate judicial review, equitable relief, and redress under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706, and the Fifth Amendment to the United States Constitution against the Board of Governors of the Federal Reserve System ("Board") and Board General Counsel Mark Van Der Weide. This Complaint focuses squarely on the Board's current and ongoing administrative violations arising from the October 21, 2026 email exchange with Senior Counsel Matthew Glover and subsequent unfulfilled inquiries submitted to General Counsel Van Der Weide, delegated to his Agent, Senior Counsel Glover.

2. Specifically, the Board has engaged in arbitrary and capricious agency action by imposing overbroad redactions on court Filings under the guise of protecting Confidential Supervisory Information (CSI), while systematically failing to provide reasoned justifications or written determinations for each disputed redaction. Prior administrative and legal proceedings are referenced herein strictly as background context to establish the ripeness of the present dispute and demonstrate the ongoing nature of Defendants' statutory and constitutional infractions.

## RELEVANT PROCEDURAL HISTORY

Complaint 1:26-cv-12230-mjj,

Complaint 1:26-cv-12027-mjj

## JURISDICTION

a. The Board of Governors of the Federal Reserve System are headquartered in Washington, D.C.

b. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(e)(1)(C) because Plaintiff Richard R. Stagnone resides in this Judicial District at 7 Sprague Ave, Holbrook, MA 02343, and no real property is involved in this action.

## PARTIES

3. **Richard R. Stagnone** ("Mr. Stagnone") is the Plaintiff in Suffolk Superior Court Civil Action 2584CV00585 and U.S. Federal District Court of Massachusetts #1:26-cv-10144. Mr. Stagnone was employed at State Street Bank and Trust Company as an Assistant

Vice President from November 16, 2020 through April 24, 2025.

*Richard Stagnone is the Pro Se Plaintiff in this Civil Action – Email: rrsvsstatestreet@gmail.com*

4. **Board of Governors of the Federal Reserve System** – The Federal Reserve System is the central bank of the United States. It performs five general functions to promote the effective operation of the U.S. economy and, more generally, the public interest.

5. **Board of Governors General Counsel Mark Van Der Weide**

   Email: mark.vanderweide@frb.gov

6. **Board of Governors Senior Counsel Matthew Glover**

   Email: matthew.c.glover@frb.gov

## STATEMENT OF FACTS - RECENT

7. On September 28, 2026, Plaintiff submitted a new formal CSI Review Request directly to General Counsel Mark Van Der Weide via Email, seeking line-by-line, word by word, justification for proposed redactions under 12 C.F.R. Part 261. Attached to the request was a redacted version of the content in dispute, titled "First District Federal Court 1 26-cv-1xxxx Law Compliant Redaction Analysis_Redacted.pdf", covering proposed redactions to Page 23, Paragraphs 40, 42, and 44 of the court filings to comply with 12 C.F.R. § 261.2.

8. On October 17, 2026, Plaintiff sent a follow-up email to General Counsel Mark Van Der Weide and Counsel Matthew Glover regarding the unfulfilled CSI review request and intent to initiate an APA action (this Complaint).

9. Senior Counsel Glover, acting as General Counsel Van Der Weide's Agent, on October 21, 2026, sent an email maintaining blanket, overbroad redaction requirements for Paragraphs 40, 42, and 44 of Plaintiff's court filings without offering any reasoned explanation or statutory justification for declaring non-sensitive, public, or segregable textual phrases as protected CSI. In response to Senior Counsel Matthew Glover, Plaintiff attached a copy of Page 23 free of redactions, requesting a "clean slate" review of Paragraphs 40, 42, and 44, and agreed to stipulate to the redactions identified in the Harmonized CSI Analysis.

10. Subsequent to the October 21, 2026 exchange, Plaintiff submitted formal electronic inquiries to General Counsel Van Der Weide, seeking a comprehensive, line-by-line, and word-by-word articulation of reasons as required pursuant to 12 C.F.R. Part 261, which to date remain unfulfilled.

## STATEMENT OF FACTS – HISTORICAL BACKGROUND

11. Plaintiff instituted a Civil Action (No. 2584CV00585) in the Suffolk County Superior Court of the Commonwealth of Massachusetts on March 3, 2025.

12. On March 20, 2025, Defendant State Street Bank, acting by and through its legal counsel, Attorney Aaron Nadich of Nixon Peabody LLP, asserted that Plaintiff had improperly disclosed Confidential Supervisory Information (CSI) in Paragraphs 40, 42, and 44 of the Complaint, demanding redaction of those three paragraphs in their entirety. Attorney Nadich refused to specify limited redaction of specific CSI.

**13.** In subsequent electronic correspondence dated March 31, 2025, at 2:53 PM, Board Senior Counsel Jeffrey Viscomi stated, in relevant part: "I have reviewed portions of the Amended Complaint you filed on March 6, 2025. I concur [agree with State Street Bank] that Paragraphs 40, 42, and 44 contain CSI and that such information has not been authorized for public disclosure." Senior Counsel Viscomi further stated: "Regrettably, I am unable to provide legal advice, propose specific redactions, or grant prospective approval of court filings," adding that "MRA or MRIA letters are confidential, and referencing their existence would **likely** constitute an unlawful disclosure of CSI."

## BARRIERS TO ENTRY

**14.** The initiation point (Contact the BOARD General Counsel) appears to be intentionally hard to find.

**15.** To the average citizen, contacting the General Counsel of the Board of Governors of the Federal Reserve System seems daunting.

- Most large organizations would provide a dedicated Email Address such as Submit.CSI.Request@frb.gov, monitored by a designated Attorney other than the BOARD GC.

**16.** Rather than having a desire to disclose CSI, Plaintiff ran into many barriers to even gaining access to the Review Process (12 C.F.R. § 261.20 General):

- For FOIA requests, § 261.11 provides an embedded link to the dedicated FOIA Request website.
- No such link or website is provided for CSI Requests.

- For CSI, regulations state that prior to disclosure, those seeking to disclose CSI must receive approval from the BOARD General Counsel, yet no contact information for the General Counsel is provided.
- Using his own initiative, Plaintiff initiated the CSI Review process by guessing the Board General Counsel's Email Address and emailing his request directly.
- Under regulation, all CSI remains the property of the Board and no person may use or disclose such information without prior written permission of the General Counsel.
- While the BOARD General Counsel initiated the processing of Plaintiff's request, Plaintiff has yet to receive specific written permission or authorization from the BOARD GC or Senior Counsel Glover (who provided a PDF indicating redaction requirements as orange highlighted text).

**17.** Between March 9, 2026 and March 24, 2026, a series of email exchanges took place with Senior Counsel Glover regarding redactions, culminating in what appeared to be the Board's final position.

**18.** The review was delegated to Senior Counsel Matthew Glover, who contacted Mr. Stagnone by email on February 19, 2026. A series of email exchanges took place through March 24, 2026, when Senior Counsel Glover sent what appeared to be the final offer regarding redactions.

**19.** On March 27, 2026, Plaintiff emailed GC Van Der Weide requesting a "second opinion" regarding the impasse on proposed redactions.

**20.** The Board of Governors of the Federal Reserve System and its General Counsel's violations of the Administrative Procedure Act and Fifth Amendment Rights continue to this day.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

*(Against Board of Governors of the Federal Reserve System and General Counsel Mark Van Der Weide)*

Plaintiff repeats and re-alleges the allegations contained in each of the preceding paragraphs as though fully set forth herein.

**21.** The core of the present controversy centers on the October 21, 2026 email exchange with Board Senior Counsel Matthew Glover and subsequent formal inquiries transmitted to the Board via Email to General Counsel Van Der Weide. In that correspondence, Senior Counsel Glover maintained blanket, overbroad redaction requirements for Paragraphs 40, 42, and 44 of Plaintiff's court filings and retained his exposure of CSI in Paragraphs 42 and 44, without offering any reasoned explanation or statutory justification for declaring non-sensitive, public, or segregable textual phrases as protected CSI.

**22.** Although Plaintiff sent follow-up communications directly to Senior Counsel Glover and copied General Counsel Mark Van Der Weide—seeking a formal "clean slate" re-

evaluation and line-by-line, word-for-word explanations as mandated under 12 C.F.R. Part 261—the Board has unlawfully stonewalled Plaintiff through total inaction and non-responsiveness. The Board's persistent failure to offer a reasoned justification for its conduct, *see J. Andrew Lange, Inc. v. FAA*, 208 F.3d 389, 391 (2d Cir. 2000), represents quintessential arbitrary, capricious, and unlawful agency action pursuant to 5 U.S.C. § 706(2)(A).

## SECOND CAUSE OF ACTION

## VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT PROCEDURAL DUE PROCESS RIGHTS

*(Against Board of Governors of the Federal Reserve System, and General Counsel Mark Van Der Weide)*

Plaintiff repeats and re-alleges the allegations contained in each of the preceding paragraphs as though fully set forth herein.

**23.** The Fifth Amendment to the United States Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law. This guarantee entitles Plaintiff to fundamental fairness, including proceedings and methodologies that are objective, predictable, and free from arbitrary or capricious government interference.

**24.** Defendants, acting under color of federal law, owed a constitutional duty to afford Plaintiff a fair, unbiased, and transparent procedural framework.

**25.** In a demonstration of how subjective, inconsistent, biased, and arbitrary the nature of the BOARD methodology is, by and through its agent, Senior Counsel Glover initially called for the redaction of Paragraph 38 in its entirety.

**26.** This demand for redaction was made without a valid legal privilege, objective statutory basis, or consistent methodological standard. Rather, it was an ad hoc, retaliatory, and prejudicial attempt to suppress the factual record and manipulate the proceedings to the BOARD's advantage.

**27.** General Counsel Mark Van Der Weide and the Board of Governors are directly responsible for establishing and overseeing the BOARD methodology. By allowing, endorsing, or failing to correct the arbitrary actions of agents such as Senior Counsel Glover, Defendants have demonstrated a systemic failure to implement standard, objective procedural safeguards.

**28.** The Defendants' methodology is devoid of ascertainable standards, allowing government agents to exercise unchecked discretion that inherently prejudices the Plaintiff and deprives them of a meaningful opportunity to be heard at a meaningful time and in a meaningful manner.

**29.** As a direct and proximate result of the Defendants' ongoing arbitrary and capricious conduct, Plaintiff has suffered and continues to suffer severe prejudice, deprivation of constitutional rights, and actionable harm.

**30.** Plaintiff is therefore entitled to declaratory and injunctive relief to halt the Defendants' unconstitutional methodologies, as well as any other remedies available at law or in equity, to cure the procedural defects inflicted by the BOARD and its agents.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants, the Board of Governors of the Federal Reserve System and General Counsel Mark Van Der Weide, and grant the following relief:

**A.** A declaratory judgment that the Defendants' administrative methodologies, policies, and specific actions—including the arbitrary, ad hoc redaction of Paragraph 38—violate Plaintiff's right to procedural due process under the Fifth Amendment to the United States Constitution.

**B.** Preliminary and permanent injunctive relief enjoining the Defendants, their officers, agents, employees, and all persons acting in concert with them, from continuing to employ subjective, inconsistent, and biased procedural methodologies against the Plaintiff.

**C.** An order compelling the Defendants to withdraw the redaction of Paragraph 38, restore the unredacted factual record, and afford the Plaintiff a fair, objective, and transparent procedural framework moving forward.

**D.** An award of Plaintiff's reasonable attorneys' fees, costs, and litigation expenses incurred in bringing this action, pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412) or as otherwise permitted by law.

**E.** Such other and further relief as this Court may deem just, proper, and equitable under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

By: /s/ Richard R. Stagnone
Signed under the pains and penalties of perjury.

Richard R. Stagnone
Plaintiff, Pro Se
7 Sprague Ave
Holbrook, MA 02343
Tel: (781) 510-0277
Email: rrsvsstatestreet@gmail.com
Dated: October 27, 2026