No. 1:26-cv-14851-MJJ

FILED
IN CLERKS OFFICE
2026 NOV -3 P 3: 16
U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

**EASTERN DISTRICT**

No. 1:26-cv-14851-MJJ

Richard R. Stagnone,

*Plaintiff*

v.

The Board of Governors of the Federal Reserve System and General Counsel Mark Van Der Weide

*Defendants*

**PLAINTIFF RICHARD R. STAGNONE'**

**MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 7.2**

Pursuant to Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, Plaintiff Richard R. Stagnone respectfully moves this Honorable Court for leave to file PLAINTIFF'S MOTION to File additional evidence Board of Governors of the Federal Reserve System under seal.

**In support of this Motion, Plaintiff states as follows:**

**1.** In Senior Counsel Viscomi's letter of March 31, 2025, Plaintiff was previously informed that the Board of Governors of the Federal Reserve System had designated their General Counsel as the intake contact for Confidential Supervisory Information (CSI) disclosure authorization and reviews.

**2.** Following the Agency's CSI request intake process, this Plaintiff followed that process in February 2026, and was provided the detailed review of his original Suffolk Superior Court Complaint which comprised over 60 pages.

**3.** Following the exact same procedure, Plaintiff submitted a formal request to Board of Governors of the Federal Reserve System General Counsel Mark Van Der Weide on September 28, 2026 via Email Mark.VanDerWeide@frb.gov.

**4.** The Formal request included attachments, the first, is one double spaced page of text with Plaintiff's law compliant redactions, second was a detailed word by word analysis of the proposed Confidential Supervisory Information (CSI) redacted and not redacted text.

**5.** Plaintiff sent a follow up Email to Mark.VanDerWeide@frb.gov on October 17, 2026.

6. Plaintiff received a response from Board Senior Counsel Matthew Glover on October 21, 2026.

---

[1] "Under [the APA's] 'narrow' standard of review, a 'court is not empowered to substitute its judgment for that of the agency.'" *Town of Southold v. Wheeler*, 48 F.4th 67, 77 (2d Cir. 2022) (internal quotations omitted). Instead, the court's task is "to determine whether the agency has considered the pertinent evidence [e.g. Plaintiff's CSI Analysis], examined the relevant factors, and articulated a satisfactory explanation for its action [no articulation of the basis of the March 2026 decision has been provided]."

**7.** BOG GC failure to articulate a legally complaint justification for their CSI Review redactions, erroneous authorized CSI exposure, inconsistent redaction application, and procedural missteps, are clear violations of the APA and standards established in '*Town of Southold v. Wheeler*, 48 F.4th 67, 77 (2d Cir. 2022).

**WHEREFORE,** Plaintiff respectfully requests that this Motion be **GRANTED**, opening the opportunity for Richard R. Stagnone to submit his Law Compliant CSI Analysis results with No Redactions, indicating CSI by **BOLD**ing those words.

Respectfully submitted,
*/s/ Richard R. Stagnone*

Richard R. Stagnone, *Pro Se*
7 Sprague Ave
Holbrook, MA 02343
rrsvsstatestreet@gmail.com
781 510-0277
Dated: October 27, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2026, a true copy of the foregoing *Plaintiff's Motion for Leave to File Under Seal* was served upon counsel of record for Defendants via email at the following email addresses:

Mark.VanDerWeide@frb.gov, DOJ DC, DOJ NH

*/s/ Richard R. Stagnone*

Richard R. Stagnone